UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

IN RE:

**ROBERT MICHAEL RYCE, SR.**               Case No.: 15-25505
                                           Chapter 11

Debtor- in-Possession

# PLAN OF REORGANIZATION

ROBERT MICHAEL RYCE, SR., Debtor herein, pursuant to Chapter 11 of the United States Bankruptcy Code, hereby propose the following Amended Plan of Reorganization for the compromise, extension and settlement of his debts.

## ARTICLE I

### DEFINITIONS

For purposes of this Plan of Reorganization, the following terms shall have the following meanings unless the context clearly requires otherwise:

1.1  Debtor:  The estate of Robert Michael Ryce, Sr.

1.2  Bar Date:  That date fixed by the United States Bankruptcy Court for the District of Maryland pursuant to Bankruptcy Rule 3003(c)(3).  The bar date for filing claims, except for governmental units is the ____ Day of _____, 2016. .  The deadline for filing claims for governmental units is the ____ Day of _____, 2016.

1.3  Confirmation:  Entry by the Court of an order confirming the Plan at or after a hearing pursuant to Section 1129 of the Bankruptcy Code.

1.4  Administrative Claim:  Any claim, including but not limited to claims for compensation

1

of professionals, and claims entitled to administrative priority pursuant to Section 507(a)(1) of the Bankruptcy Code, including quarterly fees due the United States Trustee, pursuant to 28 U.S.C., Section 1930(a)(6).

1.5  Creditor:  Any person or entity having a claim against the Debtors.

1.6 Creditor's Committee:  That committee appointed in the proceedings by the United States Trustee pursuant to Section 1102(a) of the Bankruptcy Code.

1.7  Plan:  This Plan of Reorganization including any modifications or corrections.

1.8  Priority Claim:  Any claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code other than a tax claim or an administrative claim.

1.9  Secured Claim:  Any claim, other than a tax claim, secured by property of the Debtors to the extent of the value of the collateral.

1.10  Tax Claim:  Any claim entitled to priority treatment pursuant to Section 507(a)(7) of the Bankruptcy Code.

1.11  Court:  The United States Bankruptcy Court for the District of Maryland.

## ARTICLE II

### GENERAL TERMS AND CONDITIONS

The following terms and conditions apply to this Plan of Reorganization:

2.1  Claims:  Various types of claims are defined in this Plan.  This Plan is intended to deal with all claims against the Debtor of whatever character whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to Section 502(a) of the Bankruptcy Code.

2.2  Time for Filing Claims:  All creditors, other than creditors having administrative claims,

will be required to file proofs of claim by the bar date.

2.3  Effective Date:  The effective date of this Plan, as the term is used in this Plan, is the date that the Order of Confirmation becomes final and is no longer subject to review or appeal.

2.4  Modifications to Plan:  This Plan may be modified upon application of the debtor(s) or corrected  prior to confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided that, after notice to the United States Trustee and any Creditors' Committee appointed in this case, the Court finds that such modification does not materially or adversely affect any creditor or class of creditors.

## ARTICLE III

### DIVISION OF CREDITORS INTO CLASSES

| | | |
|---|---|---|
| **Class I** | - | **Fay Servicing - secured by the real property and improvements known as 5760 Smallwood Church Road, Indian Head, Maryland 20640** |
| **Class II** | - | **Rushmore - secured by the real property and improvements known as 7970 Mopar Place, Indian Head, Maryland 20640** |
| **Class III** | - | **Caliber - secured by the real property and improvements known as 5930 Port Tobacco Road, Indian Head, Maryland 20640** |
| **Class IV** | - | **Seterus, Inc. - secured by the real property and improvements known as 5901 Smallwood Church Road, Indian Head, Maryland 20640** |
| **Class V** | - | **CitiMortgage, Inc. - secured by the real property and improvements known as 6000 Port Tobacco Road, Indian Head, Maryland 20640** |
| **Class VI** | - | **CitiMortgage, Inc. - secured by the real property and improvements known a 5935 Port Tobacco Road, Indian Head, Maryland 20640** |
| **Class VII** | - | **CitiMortgage, Inc. - secured by the real property and improvements known as 3190 Mill Place, Nanjemoy, Maryland** |

        20662

**Class VIII** - **Fay - lst mortgage secured by the real property and improvements known as 5130 Port Tobacco Road, Nanjemoy Maryland 20662**

**Class IX** - **DiTech - lst mortgage secured by the real property and improvements known as 5590 Smallwood Church Road, Indian Head, Maryland 20640**

**Class X** - **Seterus, Inc. - secured by the real property and improvements known as 5105 Marbury Run Road, Marbury, Maryland 20658**

**Class XI** - **Seterus, Inc. - secured by the real property and improvements known as 8240 Greenleek Hill Road Nanjemoy, Maryland 20662**

**Class XII** - **Allowed Unsecured Claims**

## ARTICLE IV
### IMPAIRMENT OF CLASSES

4.1 Classes I, II, III, IV, VIII, IX, X and XII are impaired.

## ARTICLE V
### PAYMENT OF CLAIMS

  **Class I** - consists of the claim of the secured creditor Fay Servicing that is secured by the real property and improvements known as 5760 Smallwood Church Road, Indian Head, Maryland 20640. The pre-petition arrerage due this creditor is in the amount of $28,354.17 and the post-petition liability to this creditor is in the amount of $14,098, for a total arrearage to be paid through the Debtor's plan of $ 42,452.17. The Debtor has made application for a loan modification with this creditor and the application is currently in underwriting. The arrears shall be cured as follows:

  $443.21 per month for 95 months with a final payment of $347.22 due month 96. The payments on the arrears shall commence on the 31st day following the Effective date and shall be

made monthly thereafter.. The monthly mortgage payments shall be made as they come due commencing with the payment due March 1, 2017.

In the event that a permanent loan modification is obtained with this creditor, incorporating the arrears into the permanent modification agreement, the remaining secured creditors shall be paid a pro rata share of the funds that were being paid to this creditor to cure the default. **THIS CLASS IS IMPAIRED.**

**Class II** - consists of the claim of the secured creditor Rushmore that is secured by the real property and improvements known as 7970 Mopar Place, Indian Head, Maryland 20640. The Debtor is currently in a trial loan modification with this creditor. The loan modification payments are $1895.00 per month, commencing with the first payment due January 1, 2017. After the trial payments have been made the creditor will permanently modify the Debtor's loan, incorporating all arrears into the modified loan. The Debtor has made, and will continue to make, the trial payments until the permanent loan modification is entered into. Once the permanent modification is entered into, the Debtor will continue to make the monthly payments as they come due under the parties' permanent loan modification agreement. **THIS CLASS IS IMPAIRED.**

**Class III** - consists of the claim of secured creditor Caliber that is secured by by the real property and improvements known as 5930 Port Tobacco Road, Indian Head, Maryland 20640. The pre-petition arrearage due this client is in the amount of $ 42,462.00 and the post-petition liability is in the amount of $28,154.00, for a total arrearage to be paid through the Debtor's plan of $70,616.00. The arrears shall be cured as follows: payments of $737.38 per month for a period of 95 months with a final payment of $564.90 due the 96th month. Payments shall commence on the 31st day following the Effective date and shall be due monthly thereafter. The monthly mortgage

payments shall be made as they come due, commencing with the payment due March 1, 2017.

In the event that a permanent loan modification is obtained with this creditor, incorporating the arrears into the permanent modification agreement, the remaining secured creditors shall be paid a pro rata share of the funds that were being paid to this creditor to cure the default   **THIS CLASS IS IMPAIRED.**

**Class IV** - consists of the claim of Seterus, Inc. . that is secured by the real property and improvements known as 5901 Smallwood Church Road, Indian Head, Maryland 20640.  The Debtor is currently in a trial modification with this creditor, the first payment in the amount of $980.30 having come due on December 1, 2016.  The Debtor has made, and will continue to make, the trial period payments until the permanent loan modification is entered into.  Once the permanent modification agreement is entered into, the Debtor will continue to make the monthly payments as they come due under the parties' permanent loan modification agreement. **THIS CLASS IS IMPAIRED.**

**Class V -** consists of the secured claim of CitiMortgage, Inc. that is secured by the real property and improvements known as 6000 Port Tobacco Road, Indian Head, Maryland 20640.  This creditor shall be paid in accordance with the terms of the parties' loan modification agreement. **THIS CLASS IS UNIMPAIRED.**

**Class VI -** consists of the secured claim of CitiMortgage, Inc. that is secured by the real property and improvements known as 5935 Port Tobacco Road, Indian Head, Maryland 20640.  This creditor shall be paid in accordance with the terms of the parties' loan modification agreement. **THIS CLASS IS UNIMPAIRED**.

**Class VII** - consists of the secured claim of CitiMortgage, Inc. that is secured by the real

property and improvements known as 3190 Mill Place, Nanjemoy, Maryland 20662. This creditor shall be paid in accordance with the terms of the parties' loan modification agreement. **THIS CLASS IS UNIMPAIRED.**

**Class VIII -** consists of the secured claim of Fay Servicing that holds a first lien position as to the real property and improvements known as 5130 Port Tobacco Road, Nanjemoy, Maryland 20662. The pre-petition arrearage due this creditor is in the amount of $17,394.30 and the post-petition liability is in the amount of $16,353.96, for a total arrearage to be paid through the Debtor's Plan of $33,748.26. The arrears shall be cured as follows: payments of $352.36 per month for a period of 95 months with a final payment of $274.06 due on the 96 month. Payments shall commence on the 31st day following the Effective date and shall be made monthly thereafter. The post-petition payments will be made as they come due commencing with the payment coming due on March 1, 2017.

In the event that a permanent loan modification is obtained with this creditor, incorporating the arrears into the permanent modification agreement, the remaining secured creditors shall be paid a pro rata share of the funds that were being paid to this creditor to cure the default. **THIS CLASS IS IMPAIRED.**

**Class IX -** consists of the secured claim of Ocwen. that holds a second lien position as to the real property and improvements known as 5590 Smallwood Church Road. The pre-petition arrearage due this creditor is in the amount of $52,458.33 and the post-petition liability is in the amount of $21,000.00, for a total arrears of $73,458.33. The arrears shall be cured as follows: payments of $767.05 per month for a period of 95 months and a final payment of $588.58 on the 96th month. Payment shall commence on the 31st day following the Effective date and shall be due monthly

thereafter. The Debtor will make the monthly payments as they come due to this creditor, commencing with the payments due March 1, 2017.

In the event that a permanent loan modification is obtained with this creditor, incorporating the arrears into the permanent modification agreement, the remaining secured creditors shall be paid a pro rata share of the funds that were being paid to this creditor to cure the default. **THIS CLASS IS IMPAIRED.**

**Class X -** consists of the secured claim of Seterus that holds a first lien position as to the real property and improvements known as 5105 Marbury Run Road. The Debtor is currently in a trial modification with this creditor, the first payment in the amount of $1,326.48 having come due on November 1, 2016. The Debtor has made, and will continue to make, the trial period payments until the permanent loan modification is entered into. Once the permanent modification agreement is entered into, the Debtor will continue to make the monthly payments as they come due under the parties' permanent loan modification agreement **THIS CLASS IS IMPAIRED.**

**Class XI -** consists of the claim due Seterus, Inc. which is secured by the real property and improvements known as 8240 Greenleek Hill Road. The Debtor shall make the monthly payments as they come due to this creditor in accordance with the terms of the parties' loan modification agreement. **THIS CLASS IS UNIMPAIRED.**

**Class X1I -** Allowed Unsecured Claims. Discover filed an unsecured claim on January 20, 2017 and the Debtor will be objecting to the claim. In the event that the unsecured claim is allowed it will be paid in full as follows: payment will be made in full on the 16th day of the 97th month following the Effective date. **THIS CLASS IS IMPAIRED.**

B. <u>Claims and Interests Not Classified</u>

<u>Administrative Claims</u>: The Debtors have not designated any Class of Claims under Sections 507(a)(1), 507(a)(2), or 507(a)(8) pursuant to Sections 1123(a)(1) of the Bankruptcy Code. The Plan contemplates that Allowed Administrative Claims for professional fees, as allowed by the Bankruptcy Court, shall be paid in full on the Effective Date of the Plan, unless otherwise agreed by the Claimants.  The Debtor is aware of Administrative Claims in the approximate amount of Fifty-Five Thousand Dollars  ($55,000.00).

Administrative Claims consisting of ordinary operating expenses incurred by the Debtor in the ordinary course of business shall be paid in accordance with the terms and conditions of any agreements relating thereto.

<u>Priority Tax Claims</u>: Priority Tax Claims are unsecured claims of governmental units for taxes that are entitled to priority in accordance with Section 507(a)(8) of the Bankruptcy Code.  The Debtor does not anticipate any such claims.

# ARTICLE VI

## IMPLEMENTATION

Upon confirmation of the Plan, the Debtors shall pay creditors as set forth above.  Except as otherwise set forth herein, the Debtors shall retain all of their property upon confirmation of the plan.

# ARTICLE VII

## DISCHARGE

7.1     The settlement and compromise of all claims whether impaired or not impaired,

allowed or disallowed, or whether a creditor files a proof of claim or not under this Plan shall constitute a full discharge and satisfaction of all such debts, obligations and liabilities owed by the Debtor.   The Debtor reserves the right to object to any claim which he  deem improper.

## ARTICLE VIII

### POST-CONFIRMATION MATTERS

8.1   Upon confirmation of this Plan, the Debtor  shall retain all of his property except as otherwise provided herein, and shall be free to conduct and operate their affairs without restriction and to use, sell, or dispose of their property in any manner not inconsistent with this Plan or its confirmation.  In addition, the Debtor  reserves the right to incur new debt where the incurring of such debt does not impair Debtor's ability to make payments under this Plan.

8.2   Debtor  reserves  the right to accelerate payments under this Plan as provided for herein and to compromise claims in exchange for quicker pay-off.

8.3   Debtor  reserves  the right the right to seek alterations of or modifications to this Plan in accordance with Section 1127 of the Bankruptcy Code and the applicable Rules of Bankruptcy Procedure.

## ARTICLE IX

### RETENTION OF JURISDICTION

9.1 The Court shall retain jurisdiction over these proceedings after confirmation for the following purposes:

 9.2  To hear and determine objections to claims.

9.3 To hear and determine causes of action by or against the Debtor arising prior to the

commencement of or during the pendency of these proceedings.

    9.4  To hear and determine any dispute arising under this Plan.

    9.5  To enforce all discharge provisions under this Plan.

    9.6  To hear and decide any requests by Debtor for modification of the Plan.

    9.7  In addition, and at any time, the Court may enter such orders to give such direction as may be appropriate under Section 1142 of the Bankruptcy Code.

    Respectfully submitted,

    /s/ Robert Michael Ryce, Jr.
    Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Certificate of Service; Disclosure Statement and proposed Chapter 11 Plan were served February 1, 2017, electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or first class mail, postage prepaid, to:

Office of the United States Trustee

    /s/ Kimberly D. Marshall
    Kimberly D. Marshall